1  Stephen G. Larson (SBN 145225)
   *slarson@larsonllp.com*
2  Koren L. Bell (SBN 268614)
   *kbell@larsonllp.com*
3  A. Alexander Lowder (SBN 269362)
   *alowder@larsonobrienlaw.com*
4  **LARSON O'BRIEN LLP**
5  555 South Flower Street, Suite 4400
   Los Angeles, California 90071
6  Telephone:(213) 436-4888
   Facsimile: (213) 623-2000
7
   Attorneys for Defendants
8  COUNTY OF LOS ANGELES,
   COUNTY OF LOS ANGELES
9  SHERIFF'S DEPARTMENT, SHERIFF
   JIM MCDONNELL, LAUREN BROWN,
10 JAMES MURREN, DONALD YOUNG

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13

14 LAMONT TARKINGTON,                  Case No. 2:18-CV-07636-CJC-JCx

15          Plaintiff,                 [Hon. Cormac J. Carney]

16      vs.                            **DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO ENFORCE SETTLEMENT AGREEMENT**
17 COUNTY OF LOS ANGELES, *et al.*
18          Defendants.               Date:     TBD
                                       Time:     1:30 p.m.
19                                     Ctrm:     9B
                                       Judge:    Hon. Cormac J. Carney
20

21

22

23

24

25

26

27

28

LARSON·O'BRIEN LLP
LOS ANGELES

1    Defendants County of Los Angeles (the "County"), Los Angeles County

2   Sheriff's Department ("LASD"), Sheriff Jim McDonnell, Lauren Brown, James,

3   Murren, and Donald Young (collectively, "Defendants") hereby oppose Plaintiff's

4   Ex Parte Application to Enforce Settlement Agreement, filed by Plaintiff Lamont

5   Tarkington ("Plaintiff") at 3:54 pm on Friday, August 28, 2020.  *See* Dkt. 153.

6    Throughout this process, Plaintiff has attempted to impose deadlines not

7   contemplated by the parties when they entered in the conditional settlement.  While

8   Plaintiff has accused the County of delay, despite the significant disruption caused

9   by the COVID-19 pandemic, the County presented the conditional settlement for

10   approval within the typical window for approval by the Board of Supervisors—six

11   to eight months.

12    Furthermore, in connection with Plaintiff's first motion to enforce the

13   settlement, the County outlined the process for approval by the Board of

14   Supervisors, including anticipated timelines for each step.  *See* Dkt. 147.  At each

15   step in the process, the County has worked diligently to satisfy the various timelines

16   communicated to Plaintiff, and to the Court.  On June 29, 2020, when the County

17   filed its opposition, Dkt. 147, the County indicated that a hearing before the Claims

18   Board was set for July 6; the hearing went forward as scheduled and the settlement

19   moved on to the next step.  At the July 20 hearing on Plaintiff's motion, Defendants'

20   counsel advised the Court that the County expected the settlement to be presented to

21   Board of Supervisors within two weeks of the hearing.  Consistent with counsel's

22   representation at the July 20 hearing, the Board of Supervisors considered and

23   approved the settlement on August 4, 2020.

24    Once the settlement was approved by the Board of Supervisors, the County

25   initiated the process to have the settlement check cut.  On August 19, 2020, in

26   response to Plaintiff's counsel's inquiry, Defendants' counsel informed Plaintiff's

27   counsel that it would take two more weeks for the check to be cut.  As of this

28   writing, the County believes that the check will be available within the two week

2

LARSON · O'BRIEN LLP
LOS ANGELES

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO
ENFORCE SETTLEMENT AGREEMENT

1   timeframe it communicated to Plaintiff's counsel on August 19.

2         The County continues to work diligently to shepherd this settlement through

3   its internal processes and controls; this process is coming to a close.  Accordingly,

4   Defendants respectfully request that the Court deny Plaintiff's Ex Parte Application[1]

5   in its entirety.

6   Dated:  August 29, 2020                LARSON O'BRIEN LLP

7

8

9                                        By:   s/A. Alexander Lowder
                                              Stephen G. Larson
10                                             Koren L. Bell
                                              A. Alexander Lowder
11                                       Attorneys for Defendants COUNTY OF LOS
                                         ANGELES; COUNTY OF LOS ANGELES
12                                       SHERIFF'S DEPARTMENT; SHERIFF JIM
                                         MCDONNELL; LAUREN BROWN; JAMES
13                                       MURREN; DONALD YOUNG
14

15

16

17

18

19

20

21

22

23

24

25

26

27   ───────────────────────
     [1] Defendants note that Plaintiff fails to cite any authority for his request for interest,
28   attorney's fees, or costs associated with his recent submissions.

LARSON·O'BRIEN LLP
LOS ANGELES

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO
ENFORCE SETTLEMENT AGREEMENT