# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | Case No.: CV 18-07636-CJC(JCx) |
| LAMONT TARKINGTON, | |
| Plaintiff, | ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO ENFORCE SETTLEMENT AGREEMENT [Dkt. 153] |
| v. | |
| COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; LOS ANGELES COUNTY SHERIFF JIM MCDONNELL; LAUREN BROWN; JAMES MURREN; DONALD YOUNG; LAWRENCE BEACH ALLEN & CHOI PC; and DOES 1-10, | |
| Defendants. | |

In August 2018, Plaintiff Lamont Tarkington filed this civil rights action against Defendants County of Los Angeles, Los Angeles County Sheriff's Department, Los Angeles County Sheriff Jim McDonnell, Sheriff Detectives Lauren Brown and James

Murren, Sheriff Sergeant Donald Young, the law firm of Lawrence Beach Allen & Choi, and unnamed Does.  (Dkt. 1 [Complaint, hereinafter "Compl."].)  Plaintiff generally alleges that Defendants conspired to fabricate evidence, proffer false testimony, and wrongfully prosecute Plaintiff in conjunction with a December 14, 2005 robbery of a Bank of America in Palmdale, California.  (*Id.*)

On December 3, 2019, the parties agreed to settle the case.  (Dkt. 153 [Plaintiff's Ex Parte Application, hereinafter "App."] at 2).  The settlement agreement was conditioned upon approval by the Board of Supervisors of the County of Los Angeles (the "Board"), which approved the settlement on August 4, 2020.  (App. at 1–2).  About two weeks after the Board's approval, on August 19, Defendants informed Plaintiff that payment would be available within two weeks.  (Dkt. 154 [Defendants' Opposition to Plaintiff's Application, hereinafter "Opp."] at 2.)  On August 24, Plaintiff inquired about the status of payment and Defendants did not respond.  (App. at 2.)  Payment has yet to be made, but Defendants maintain that payment will be available within two weeks of August 19, 2020.  (Opp. At 2–3.)

Now before the court is Plaintiff's ex parte application to enforce the settlement agreement.  For the following reasons, Plaintiff's application is **DENIED**.[1]

Local Rule 7-19.1 requires an ex parte applicant (a) "to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application" and (b) "to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."  L.R. 7-19.1.

_____

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.

Plaintiff has failed to show that he met these requirements.  There is no evidence that Plaintiff attempted to advise Defendants' counsel "of the date and substance of the proposed ex parte application."  *Id.*  Although Plaintiff inquired about the status of Defendants' payment on August 24 and received no response, that inquiry did not inform Defendants' counsel of the date and substance of the proposed application and Plaintiff failed to describe any effort to meet and confer "orally."  *Id.*  Additionally, Plaintiff has not advised the Court of any attempt to comply with its procedures, which require an ex parte applicant to "serve the opposing party by electronic mail or hand service and [] notify the opposing party that any opposition must be filed not later than 24 hours after such electronic mail or hand service."  *See* Judge's Procedures, No. 4.[2]

Furthermore, to justify ex parte relief, "the evidence must show that the moving party's cause will be *irreparably prejudiced* if the underlying motion is heard according to regular noticed motion procedures."  *Mission Power Engineering Co v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (emphasis added).  Here, Plaintiff is seeking a settlement payment, but "it is well established [] that such monetary injury is not normally considered irreparable."  *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).  This is especially true in this case as Defendants maintain that payment will be available the week of August 31.  (Opp. at 2–3.)

//
//
//
//
//

---

[2] *Available at* http://www.cacd.uscourts.gov/honorable-cormac-j-carney.

## V.  CONCLUSION

For these reasons, Plaintiff's ex parte application to enforce the settlement agreement is **DENIED**.  Plaintiff is free to file a regularly-noticed motion for the relief it seeks.

DATED:      August 31, 2020

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE