Leo James Terrell, Esq. (SBN 149693)
Tony Su, Esq. (SBN 262323)
Law Office of Leo James Terrell
11870 Santa Monica Blvd., Ste. 106-673
Los Angeles, CA 90024
P: (310) 478-3666 / F: (310) 478-3650
Email: civil1975@aol.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LAMONT TARKINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; LOS ANGELES COUNTY SHERIFF JIM MCDONNELL; LAUREN BROWN; JAMES MURREN; DONALD YOUNG; LAWRENCE BEACH ALLEN CHOI PC; and DOES 1-10 INCLUSIVE;<br><br>Defendants. | Case No.: 2:18-CV-07636-CJC-JC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Date: October 5, 2020<br>Time: 1:30 p.m.<br>Ctrm.: 9B<br>Judge: Hon. Cormac J. Carney |

PLEASE TAKE NOTICE that on October 5, 2020, at 1:30 p.m. in Courtroom 9B of the above-entitled Court before the Hon. Cormac J. Carney, Plaintiff LaMont Tarkington ( "Plaintiff") will and does move the Court for an Order to enforce the settlement agreement.

Plaintiff met and conferred with Defendants before filing this motion pursuant to Local Rule 7-3.

On December 3, 2019, the parties agreed to settle the above-captioned matter for a certain amount. Defendants informed Plaintiff that the County of Los Angeles Board of Supervisors will need 6-months to approve the settlement.

Since Defendants failed to approve the settlement within 6-months, Plaintiff filed a Motion to Enforce the Settlement, which was set for hearing on July 20, 2020. During the hearing, Defendants represented to the Court that the settlement will be approved by the Board shortly.

On August 4, 2020, the Los Angeles County Board of Supervisors finally approved the settlement, which is 8-months after the settlement on December 3, 2019.

Since August 4, 2020, Plaintiff has asked Defendants on numerous occasions for the status of payment of the settlement. Due to Defendants' unresponsiveness and refusal to give a date certain for payment of the settlement, Plaintiff was forced to filed a ex parte application to enforce the settlement. (**Dkt. 153**.) In its Opposition to the ex parte application, Defendants maintained that payment will be available within two weeks of August 19, 2020. (**Dkt. 154** at 2-3.) On August 31, 2020, the Court denied Plaintiff's ex parte application and indicated Plaintiff is free to file a regularly-noticed motion for the relief sought.

As of the filing of this motion, Defendants still has not issued payment within 2-weeks of August 19, 2020. Defendants still have not advised as to when payment of the settlement will be issued in spite of numerous requests for an update since August 19, 2020.

Defendants simply have been taking advantage of the situation by refusing to issue payment at Plaintiff's expense.

Defendants have not been acting in good faith because they repeatedly state that there is no deadline for them to issue payment when demand for payment is made.

Based on the foregoing, Plaintiff respectfully requests an Order for the following:

That Defendants issue payment of the settlement forthwith.

That Defendants pay interest on any unpaid portion of the settlement at 10% per month until the full settlement amount is paid as of the date of the settlement of December 3, 2019.

That Plaintiff be entitled to attorney's fees and costs to be determined in a noticed motion.

All other relief the Court deems just and proper.

Dated: September 4, 2020            By: /s/ Leo James Terrell
                                                       Leo James Terrell, Esq.
                                                       Attorneys for Plaintiff,
                                                       LaMont Tarkington